IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUMBERTO DIAZ,

    Petitioner,                    No. 2:12-cv-1095 WBS AC P

    vs.

G. D. LEWIS,

    Respondent.                 <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner who proceeds pro se and in forma pauperis on this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition without prejudice as a "mixed petition." Petitioner opposes the motion to dismiss, and also moves the court to stay the federal petition so that he may return to state court and exhaust his unexhausted claims. For the reasons outlined below, the undersigned recommends that petitioner's motion for a stay of his mixed petition be denied, and that petitioner be given an opportunity to file an amended petition presenting only exhausted claims.

        **BACKGROUND**

        In September 2007, a jury convicted petitioner and his co-defendant of three counts of attempted murder in connection with a January 2006 gang-related shooting in

1

Sacramento. See Petition, Apr. 25, 2012, ECF No. 1 at 1. See also People v. Diaz, 2009 WL 3357924 *1 (Cal. Ct. App. Oct. 20, 2009), located in the record at Lodged Document ("Lod. Doc.") No. 1. The trial court sentenced petitioner to an aggregate term of 18 years 4 months plus 50 years to life in prison. Id. at *3.

**Direct Review**

Petitioner appealed, and the Court of Appeal affirmed the judgment in an opinion which addressed the convictions of both petitioner and his co-defendant. Lod. Doc. No. 1. Although petitioner's brief to the Court of Appeal is not part of the current record, the October 20, 2009 opinion reflects that petitioner raised the following arguments on appeal:

> (1) the trial court erred in failing to give an unanimity jury instruction;
>
> (2) CALCRIM No. 403, the trial court's instruction regarding "natural and probable consequences," misstates the "natural and probable causes" doctrine;
>
> (3) CALCRIM No. 600, the trial court's "Kill zone" instruction, violated petitioner's state and federal due process rights, and rights to a fair trial because, among other things, the facts of this case did not support such an instruction;
>
> (4) there was insufficient evidence to convict petitioner under the "natural and probable consequence" doctrine; and
>
> (5) there was insufficient evidence to convict petitioner because there was insufficient proof that his conduct was the legal and proximate cause of the shootings.

On November 30, 2009, petitioner, through counsel, petitioned for review of the Court of Appeal's decision in the California Supreme Court. See Lod. Doc. No. 2. Petitioner presented the following questions:

> (1) where a defendant is convicted of attempted murder on an aiding and

> betting theory, and there are three separate acts which he might be found liable of aiding, is it error for the trial court to fail to require the jury to decide unanimously which of the three acts the defendant committed?; and (2) was the trial court's use of CALCRIM 402 and 403, on the issue of aiding and abetting and the natural and probable consequences doctrine, reversible error?

Lod. Doc. No. 2 at 2.

On February 10, 2010, the state Supreme Court denied the petition for review. Lod. Doc. No. 3.

**State Collateral Review**

On November 3, 2010, petitioner filed pro se a petition for writ of habeas corpus in the Sacramento County Superior Court (the "Superior Court Petition"). See Lod. Doc. No. 4. The application stated that petitioner was raising claims not presented on appeal due to the ineffective assistance of appellate counsel. See id. at 5. Petitioner raised the following claims in the Superior Court Petition:

> (1) the trial court incorrectly denied petitioner's post-verdict motion for disclosure of juror information;
>
> (2) petitioner received ineffective assistance of trial counsel because:
>
> > (a) counsel failed to request lesser-included offenses;
> >
> > (b) counsel failed to proceed with agreed-upon defense;
> >
> > (c) counsel inadequately advised petitioner not to testify;
> >
> > (d) counsel failed to follow up with a potential witness; and
> >
> > (e) counsel failed to object to trial court's instructions.
>
> (3) petitioner received ineffective assistance of appellate counsel because:
>
> > (a) counsel failed to raise the ineffectiveness of trial counsel on appeal, even though petitioner requested that counsel do so;

3

        (b) counsel failed to establish a "working relationship" with petitioner, or to respond to numerous letters and call from petitioner's family;

        (c) counsel failed to provide petitioner with work product as petitioner requested; and

        (d) counsel failed to raise on appeal the trial court's denial of petitioner's motion juror information, even though petitioner asked counsel to do so.

See Lod. Doc. No. 4.

On January 10, 2011, the trial court denied the Superior Court Petition. Lod. Doc. No. 5.

On April 11, 2011, petitioner filed a petition for writ of habeas corpus in the Court of Appeal (the "Court of Appeal Petition"). Petitioner raised the following claims in the Court of Appeal Petition:

        (1) trial counsel was ineffective because she admitted to the jury during closing that petitioner said, "Get a gun," undermining the defense's theory of the case; and

        (2) the trial court erred when it denied petitioner's motion for juror information.

See Lod. Doc. No. 6.

On April 21, 2011, the Court of Appeal denied the Court of Appeal Petition. Lod. Doc. No. 7.

On June 6, 2011, petitioner filed a petition for writ of habeas corpus in the California Supreme Court (the "Supreme Court Petition"). As in his the Court of Appeal Petition, petitioner raised the following claims in the Supreme Court Petition:

        (1) trial counsel was ineffective because she admitted to the jury during

4

closing that petitioner said, "Get a gun," undermining the defense's theory of the case; and

(2) the trial court erred when it denied petitioner's motion for juror information.

See Lod. Doc. No. 8.

On March 14, 2012, the Supreme Court denied the Supreme Court Petition. Lod. Doc. No. 9.

**The Federal Petition**

On March 30, 2012, petitioner filed the instant federal petition, raising the following claims:

(1) the trial court erred when it denied petitioner's post-verdict motion for juror information;

(2) petitioner received ineffective assistance of trial counsel because:

    (a) trial counsel failed to request lesser-included offenses;

    (b) trial counsel went against the agreed-upon defense without reason;

    (c) trial counsel wrongly advised petitioner not to testify;

    (d) trial counsel failed to listen to petitioner's plea of actual innocence;

    (e) trial counsel failed to follow up with a potential witness;

    (f) trial counsel failed to show that she had a tactical reason for "comments regarding and conceding petitioners [sic] guilt";

    (g) trial counsel failed to object to jury instructions regarding the prosecution's burden of proof; and

    (h) trial counsel failed to obtain an affidavit from a juror in connection with counsel's post-verdict motion for juror

information.

(3) trial court erred in failing to give a jury instruction regarding unanimity;

(4) trial court erred when it inadequately instructed jury with CALCRIM 402 and 403;

(5) petitioner's due process rights were violated because there was insufficient evidence to warrant his conviction under the natural and probable consequences doctrine;

(6) petitioner's due process rights were violated because there was insufficient evidence that petitioner was the proximate cause of any acts of attempted murder;

(7) trial court erred in giving CALCRIM instruction 600, since it did not apply to petitioner; and

(8) petitioner received ineffective assistance of appellate counsel because:

    (a) appellate counsel failed to raise ineffectiveness of trial counsel;

    (b) appellate counsel failed to establish a working relationship with petitioner, and failed to respond to his requests for work product;

    (c) appellate counsel failed to raise on appeal a claim of ineffective assistance against trial counsel;

    (d) appellate counsel attempted to conceal from petitioner a letter from trial counsel in which trial counsel admits her ineffectiveness; and

    (e) appellate counsel failed to failed to raise on appeal a claim that the trial court erred in denying petitioner's motion for juror information;

See Petition, ECF No. 1 at 8-25.

**THE MOTION TO DISMISS**

Respondent now moves to dismiss the instant petition as mixed. Motion to Dismiss, July 20, 2012, ECF No. 12. Respondent argues that while some of petitioner's claim are exhausted, this court may not adjudicate any of the claims in the petition so long as the petition includes claims which have not been presented to the state's Supreme Court. Id. at 4. Respondent argues that, unless petitioner deletes the unexhausted claims from the petition, the petition should be dismissed without prejudice. Id.

Respondent concedes that petitioner has exhausted four of the claims raised in the federal petition, namely:

>   (1) The trial court erred when it denied petitioner's motion for access to juror identification information (Ground One); and
>
>   (2) Trial counsel was ineffective in arguing that petitioner said "Get a gun," because counsel's statement acted: (a) to withdraw a crucial defense, and admit petitioner's guilt; and (b) to abandon petitioner at a crucial stage of the proceeding, and to aid the prosecution (Ground Two, subpart (b));
>
>   (3) The trial court erred in failing to give a unanimity instruction sua sponte (Ground Three); and
>
>   (4) The trial court erred in instructing the jury using CALCRIM 402 and 403 (Ground Four).

See id. at 3-4; Opposition to Motion for Stay and Abeyance, Nov. 5, 2012, ECF No. 20 at 5.

Respondent alleges that the following claims made in the federal petition are unexhausted:

>   (1) Trial counsel was ineffective because trial counsel:
>
>   (A) failed to conduct a reasonable pre-trial investigation;
>
>   (B) inadequately advised petitioner not to testify;

7

(C) failed to request lesser-included offense instructions;

(D) failed to follow-up with potential witnesses; and

(E) failed to obtain a sworn affidavit from a juror in support of counsel's motion to obtain juror information;

(2) Petitioner's due process rights were violated because there was insufficient evidence that petitioner committed attempted murder under the natural and probable consequences doctrine;

(3) Petitioner's due process rights were violated because there was insufficient evidence that petitioner was the proximate cause of the attempted murders;

(4) Trial court's attempted murder instruction (CALCRIM 600) was erroneous; and

(5) Appellate counsel was ineffective.

See id. at 4.

### MOTION TO STAY AND HOLD IN ABEYANCE

In response to respondent's motion, petitioner acknowledges that the instant petition is mixed, and that all claims have not been presented to the state courts. See Ex Parte Motion, Sept. 24, 2012, ECF No. 17 at 1; Petitioner's Response, Nov. 30, 2012, ECF No. 23 at 1. Petitioner requests a stay of his federal petition pending his exhaustion of his claims in the state court "on issues newly discovered and issues petitioners [sic] appellate counsel refused to challenge on constitutional basis supporting petitioner's claim of actual innocense [sic]." Ex Parte Motion, ECF No. 17 at 1.

In support of his application, petitioner argues that he has been pursuing his rights diligently, but that his prison has been on lockdown since his arrival in 2008, so he has had difficulty accessing the prison library. See Response, ECF No. 23, at 5-6. As to his claims that he received ineffective assistance of trial counsel, petitioner alleges that he did exhaust these

8

claims because he presented the state court with their factual basis. See id. at 3.

As to his remaining claims, petitioner alleges that his appellate attorney affirmatively mislead him about whether these claims had been exhausted: "[I]n this case Petitioner was assertively informed by his Appeal Attorney that his issues had been exhausted in the State courts and his only alternative was to file in the Federal Courts (see: Ex. A.)" Reply, ECF No. 23, at 5.

Exhibit A is a letter from petitioner's appellate counsel dated March 2, 2010, which reads, in pertinent part, that the Supreme Court has declined to review your case, and that "[t]his exhausts your appeal within the courts of California. The only remaining avenue of appeal is a petition for certiorari to the United States Supreme Court, or a petition for habeas corpus to the Federal District Court. . . ." Reply, ECF No. 23, at 9.

As noted above, after receiving this letter, petitioner filed three habeas petitions with the state courts. In particular, the Superior Court Petition reads that petitioner is raising claims that petitioner did not raise on appeal, because he received ineffective assistance of appellate counsel.

**DISCUSSION**

**Exhaustion**

Habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violation without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). Exhaustion requires fair presentation of the substance of a federal claim to the state courts. Picard v. Connor, 404 U.S. 270, 276, 278 (1971). In order to exhaust state remedies, a federal claim must be presented to the state's highest court. Castille v. Peoples, 489 U.S. 346 (1989).

As noted above, the state concedes that the following claims of the federal petition are exhausted: Ground One (denial of petitioner's motion for access to juror

9

identification information); Ground Two (ineffective assistance of trial counsel, insofar as the claim is based on counsel's statement in closing argument that petitioner said "Get a gun");[1] Ground Three (failure to give unanimity instruction); and Ground Four (challenge to CALCRIM 402 and 403). Having reviewed petitioner's submissions to the California Supreme Court, the undersigned concurs. Grounds Three and Four were exhausted on direct appeal by their inclusion in the petition for review. Grounds One and Two (to the extent it is based on counsel's "concession" that petitioner said "Get a gun") were exhausted by inclusion in the state Supreme Court Petition.

The undersigned finds that Grounds Five through Eight, and those portions of Ground Two based on facts other than counsel's statement in closing that petitioner said "Get a gun," are unexhausted because they were not presented to the California Supreme Court.

**Stay and Abeyance**

Federal district courts may not adjudicate petitions for habeas corpus which contain both exhausted and unexhausted claims. Rose, 455 U.S. at 518-19. This does not mean, however, that a so-called "mixed petition" must be dismissed. Under Rhines v. Weber, the federal habeas court may stay a mixed petition for good cause pending further exhaustion. 544 U.S. 269, 276-77 (2005). The Supreme Court adopted this rule to address the problem of habeas petitioners who, due to dismissal of their mixed petitions in the context of AEDPA's statute of limitations, "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines, 544 U.S. at 275. Pursuant to Rhines, a stay is appropriate only if (1) petitioner had good cause for his failure to exhaust his claims before bringing the federal

---

[1] Respondent maintains that the exhausted portion of Ground Two is limited to subpart (b) of that claim. ECF No. 12 at 4. Petitioner has not divided his claim into subparts. The court assumes that respondent means to refer to the portion of the claim alleging that petitioner was denied the effective assistance of counsel when trial counsel "went against petitioner's theory of the case." ECF No. 1 at 10. Petitioner argued to the California Supreme Court that trial counsel's reference to the "Get a gun" statement amounted to a concession that undermined the theory of the defense.

10

petition, and (2) the claims were not "plainly meritless." Rhines, 544 U.S. at 277.  When a district court determines that a stay is not appropriate, it should allow the petitioner to delete the unexhausted claims and proceed with the exhausted claims "if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id.

Although the Rhines "good cause" standard does not require a showing of extraordinary circumstances, Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005), the Ninth Circuit has rejected a "broad interpretation of 'good cause.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, 556 U.S. 1285 (2009).  The Supreme Court in Rhines emphasized that district courts should stay mixed petitions only in "limited circumstances." Rhines, 544 U.S. at 277.  Accordingly, good cause is not shown where the petitioner created the condition that led to the failure to exhaust. See Wooten, 540 F.3d at 1024.

In this case, petitioner has failed to establish good cause for his failure to exhaust before bringing his federal petition.  Each of the unexhausted claims in the federal petition was presented to a lower state court, and then omitted from petitioner's application to the California Supreme Court.  Only presentation to the state's highest court suffices to exhaust. Castille, 489 U.S. 346.  The record reflects that petitioner's unexhausted claims are unexhausted because he abandoned them during the course of the state court proceedings.  Specifically,

(1) petitioner raised ineffectiveness of his trial counsel in his pro se Superior Court Petition but not in his pro se petition to the California Supreme Court;

(2) petitioner raised insufficient evidence under the natural and probable consequences doctrine on direct appeal before the Court of Appeal, but omitted it from his petition for review;

(3) petitioner raised insufficient evidence of causation on direct appeal before the Court of Appeal, but omitted it from his petition for review;

(4) petitioner raised his CALCRIM 600 issue on direct appeal before the Court of Appea, but omitted it from his petition for review; and

11

1  (5) petitioner raised ineffectiveness of appellate counsel in his pro se Superior
2  Court Petition but not in his pro se petition in the California Supreme Court.

3  The record in this case demonstrates that petitioner was aware before he initiated
4  state habeas proceedings of the issues that had been raised on direct appeal – his correspondence
5  with appellate counsel reflects that he received a copy of the petition for review and read it
6  carefully. (The correspondence, which petitioner included in his Superior Court petition,
7  documents his concern about alleged factual errors in the Court of Appeal's decision that he
8  wanted the California Supreme Court to be made aware of). See Superior Court Petition, Lod.
9  Doc. No. 4, Ex. D, p. 35. Accordingly, the court finds that petitioner was not mislead by his
10 appellate attorney about what issues had been presented to the Supreme Court. The letter from
11 counsel advising in general terms that the appellate process had been exhausted, ECF No. 23 at
12 9, contained no misrepresentations regarding which claims had been presented. See also
13 Wooten, 540 F.3d 1019, 1024 & n.2 (petitioner's "impression" that counsel had exhausted
14 claims does not constitute "good cause" for failure to exhaust).

15 In short, petitioner was aware of each of his federal claims when he filed his
16 California Supreme Court Petition. The claims do not depend on recently discovered facts,[2] and
17 there has been no showing that petitioner was affirmatively prevented from raising the claims in
18 his Supreme Court Petition. Accordingly, petitioner has not established the good cause
19 necessary for a Rhines stay.

20 Lack of merit also weighs against petitioner's request for stay and abeyance.
21 Rhines, 544 U.S. at 277 ("even if a petitioner had good cause for that failure [to exhaust], the
22 district court would abuse its discretion if it were to grant him a stay when his unexhausted
23 claims are plainly meritless."). The undersigned notes that Grounds Five and Six are plainly

---

25 [2] Although petitioner refers in passing to "issues newly discovered," ECF No. 17 at 1, his motion contains no information about any claims requiring exhaustion other than those
26 contained in the federal petition. None of those claims arise from newly discovered evidence.

meritless, because they fail to present a federal question.

In Grounds Five and Six, petitioner claims that there was insufficient evidence to convict him, under either a natural and probable consequences doctrine, or a proximate cause doctrine. Petitioner's challenge to the sufficiency of the evidence at least theoretically implicates due process principles. See Jackson v. Virginia, 443 U.S. 307 (1979). However, a federal habeas court may only set aside a jury verdict on this ground if no rational trier of fact could have agreed with the jury. Jackson, 443 U.S. at 319. Under AEDPA standards, a state appellate decision finding sufficient evidence is entitled to almost insurmountable deference. See Cavazos v. Smith, __ U.S. __, 132 S. Ct. 2, 6 (2011) (overturning grant of habeas relief under Jackson in shaken baby homicide case, where the only evidence of abuse was a factually unsupported and medically discredited expert opinion), reh'g denied, 132 S.Ct. 1077 (2012). The court must assume that all credibility and other evidentiary conflicts were resolved at trial in favor of the prosecution, and all inferences drawn in favor of the prosecution, and must defer to those findings. Cavazos, 132 S. Ct. at 6 (citing Jackson, 443 U.S. at 329). The California Court of Appeal reviewed the trial record in this case under the correct standard, and explained why the evidence was sufficient to establish the elements of the offense. Lod. Doc. No. 1 at 59-64. Under Cavazos, that finding cannot be disturbed. Petitioner's quarrels with the jury's interpretation of the evidence and the correctness of the jury's findings cannot support relief in habeas. See Cavazos, 132 S. Ct. at 4 (even incorrect jury verdicts do not violate due process if they were supported by evidence).

For all the reasons explained above, petitioner's motion for stay and abeyance under Rhines should be denied.

**CONCLUSION**

This petition is mixed, and petitioner has failed to establish good cause to stay the petition pending further exhaustion. Because he does not qualify for a stay of his mixed petition under Rhines, petitioner has three choices:

13

1       **First**, he may amend his petition to delete the unexhausted claims and proceed on
2  his exhausted claims only.

3       **Second**, he may choose to accept dismissal without prejudice of the entire
4  petition pending further exhaustion. **Petitioner is cautioned** that if he elects this procedure, any
5  subsequently-filed post-exhaustion petition would likely be subject to dismissal *in its entirety* as
6  time-barred. See 28 U.S.C. § 2244(d)(1). The fact that a petition is dismissed "without
7  prejudice" means that there is no bar to re-filing, but does not protect petitioner from dismissal
8  on statute of limitations grounds. Because the limitations period is not tolled for the time the
9  instant federal petition has been pending, see Duncan v. Walker, 533 U.S. 167 (2001), any future
10 petition may well be time-barred. See Rhines, 544 U.S. at 275 (recognizing that dismissal of
11 mixed petition can cause claims to be untimely by the time they are exhausted and re-submitted
12 to the federal court). It appears that more than a year has already elapsed since petitioner's
13 conviction became final, excluding the period of time that petitioner was seeking state post-
14 conviction review. Accordingly, any federal petition filed in the future would likely be time-
15 barred. See Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (reviewing timeliness
16 principles). By electing dismissal without prejudice, petitioner risks forfeiting review of his
17 exhausted claims as well as his unexhausted claims.

18      **Third**, petitioner may amend to delete his unexhausted claims (as in the first
19 option) and seek a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), cert. denied, 538
20 U.S. 1042 (2003). The Kelly procedure provides for stay of a fully-exhausted petition without a
21 showing of good cause (as opposed to the stay of a mixed petition under Rhines, which requires
22 good cause), to permit exhaustion of additional claims. See King v. Ryan, 564 F.3d 1133 (9th
23 Cir.), cert. denied, 558 U.S. 887 (2009). **Petitioner is cautioned** that if he elects this procedure,
24 any future attempt to amend the petition to add newly-exhausted claims would fail if the newly-
25 exhausted claims are outside the statute of limitations. Id. at 1140-41. Because it appears that
26 more than a year has already elapsed since petitioner's conviction became final, excluding the

period of time that petitioner was seeking state post-conviction review, any claims exhausted in the future would likely be time-barred in federal court. See Porter, 620 F.3d at 958.[3] This may well be a case like King in which a stay under Kelly would provide no benefit to the petitioner due to the operation of the statute of limitations. See King, 564 F.3d at 1136, 1141-42. Accordingly, **petitioner is cautioned** that seeking a stay under Kelly may have the effect of delaying review of the claims that are already exhausted, without obtaining review of the currently unexhausted claims.

Because petitioner has not demonstrated good cause for a stay of his mixed petition, the undersigned will recommend that the court deny petitioner's motion to stay pursuant to Rhines. The undersigned will also recommend that the motion to dismiss be granted in part and denied in part, because petitioner (1) is entitled to proceed on his exhausted claims only, and (2) must be offered the opportunity to seek a stay under the alternative Kelly procedure. See King, 564 F.3d 1113.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be granted in part and denied in part as set forth above and further recommended below;

2. Petitioner's motion for a stay (ECF No. 17) be denied;

3. Petitioner be directed to file an amended petition, including exhausted claims only, within 28 days of the filing date of any order adopting these findings and recommendations. Any motion to stay under Kelly should be filed simultaneously with the petition. In the alternative, petitioner may file a notice electing voluntary dismissal of this case without prejudice;

---

[3] Moreover, if the California Supreme Court denies future claims on grounds that they should have been presented previously, see e.g. In re Clark, 5 Cal.4th 750 (1993) (California Supreme Court will not consider claims that could have been included in a previous collateral attack), the procedural default doctrine could also bar consideration of the claims in this court. See La Crosse v. Kernan, 244 F.3d 702, 704-705 (9th Cir. 2001).

        and

4.     The district court order as follows:  Should petitioner fail to file either an amended and fully-exhausted petition or a notice of voluntary dismissal within the time provided, the claims identified herein as unexhausted will be stricken and those portions of the petition disregarded for all purposes. The case will then proceed on the basis of the petition as amended by operation of this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-eight (28) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within twenty-eight (28) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 14, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb